JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

APR 17 1984

PATRICIA D. HOWARD
CLERK OF THE PANEL

DOCKET NO. 587

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE LOWER LAKE ERIE ANTITRUST LITIGATION

TRANSFER ORDER*

This litigation presently consists of nine actions pending in three districts as follows: five actions in the Northern District of Ohio, three actions in the District of the District of Columbia, and one action in the Southern District of New York.[1/] Before the Panel is a motion, pursuant to 28 U.S.C. §1407, brought by defendants Penn Central Corporation and Consolidated Rail Corporation to centralize the actions for coordinated or consolidated pretrial proceedings in a single forum. Movants do not suggest a specific transferee forum, except to the extent that they urge selection of one in the northeastern United States.

On the basis of the papers filed and the hearing held, the Panel finds that transfer of seven of the nine actions to the Eastern District of Pennsylvania will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All the actions in this docket involve allegations that, for the period from 1956 to approximately 1980, defendant railroads conspired in violation of the antitrust laws, inter alia, to monopolize the Lake Erie iron ore trade and to fix the terms, conditions and rates of docking and rail transportation services in that trade. Centralization of seven of these actions under Section 1407 is therefore necessary in order to avoid duplication of discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary. Two of the actions, however, Pinney Dock & Transport Co. v. The Penn Central Corp., et al., N.D. Ohio, C.A. No. C80-1733 (Pinney), and Litton Industries, Inc. v. Penn Central Corp., et al., N.D. Ohio, C.A. No. C81-372 (Litton), have been pending for over three years, are much further advanced vis-a-vis the other actions in this docket, and have important motions under submission. Under these circumstances we are not persuaded that inclusion of Pinney and Litton in centralized pretrial proceedings under Section 1407 would serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

---

\*   Judges Sam C. Pointer, Jr., and Milton Pollack recused themselves and took no part in the decision of this matter.

1/   At the request of the Honorable William K. Thomas, our decision regarding transfer under Section 1407 of a tenth action, Tauro Brothers Trucking Co. v. Baltimore & Ohio Railroad Co., Inc., et al., N.D. Ohio, C.A. No. C83-778-Y, is deferred until further notice.

-2-

Centralization in the Northern District of Ohio of the remaining actions in this docket might impede the expeditious resolution of Pinney and Litton. We have therefore determined to centralize the actions in the Eastern District of Pennsylvania. We note that: 1) the Honorable John P. Fullam, to whom the actions are being assigned, presided over the reorganization of the Penn Central Transportation Corp. and is therefore very familiar with the workings of the railroad industry; 2) while not previously assigned any of the actions in this docket, Judge Fullam has nevertheless gained familiarity with many of the issues in the actions as a result of his consideration of petitions by plaintiffs in some of the actions for leave to pursue antitrust claims against Penn Central Corp.; 3) the Eastern District of Pennsylvana is centrally located vis-a-vis the districts where actions are currently pending in this docket; and 4) a number of the major parties are headquartered in Pennsylvania and therefore relevant witnesses and records are likely to be found there.

IT IS THEREFORE ORDERED that transfer pursuant to 28 U.S.C. §1407 of the actions entitled Pinney Dock & Transport Co. v. The Penn Central Corp., et al., N.D. Ohio, C.A. No. C80-1733; and Litton Industries, Inc. v. Penn Central Corp., et al., N.D. Ohio, C.A. No. C81-372, be, and the same hereby is, denied.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. §1407, the remaining actions listed on the attached Schedule A be, and the same hereby are, transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable John P. Fullam for coordinated or consolidated pretrial proceedings.

FOR THE PANEL

Andrew A. Caffrey
Chairman

SCHEDULE A

MDL-587 -- IN RE LOWER LAKE ERIE IRON ORE ANTITRUST LITIGATION

<u>Northern District of Ohio</u>

<u>Wills Trucking, Inc., et al. v. Baltimore & Ohio Railroad Co.,</u>
<u>C.A. C 82-759</u>

<u>R. Weise Trucking, Inc., et al. v. Baltimore & Ohio Railroad Co.,</u>
<u>Inc., et al., C.A. No. C82-3816</u>

<u>C.D. Ambrosia Trucking Co., Inc. v. Chesapeake & Ohio Railway Co.,</u>
<u>Inc., et al., C.A. No. C84-398</u>

<u>Pinney Dock & Transport Co. v. The Penn Centeral Corp., et al.,</u>
<u>C.A. No. C80-1733</u>

<u>Litton Industries, Inc., et al. v. Penn Central Corp., et al.,</u>
<u>C.A. No. C81-372</u>

<u>District of the District of Columbia</u>

<u>Jones & Laughlin Steel Inc. v. The Penn Central Corporation, et al.,</u>
<u>C.A. No. 83-1688</u>

<u>Wheeling-Pittsburgh Steel Corp. v. The Penn Central Corp., et al.,</u>
<u>C.A. No. 83-3317</u>

<u>National Steel Corp. v. The Penn Central Corp., et al.,</u>
<u>C.A. No. 83-3328</u>

<u>Southern District of New York</u>

<u>Republic Steel Corp. v. The Penn Central Corp., et al.,</u>
<u>C.A. No. 83 Civ. 4413 (LBS)</u>